OPINION OF THE COURT
Memorandum.
Ordered that the judgment is affirmed, without costs.
Plaintiff commenced this action to recover the sum of $5,921.37, alleging that defendant, a cooperative corporation in which plaintiff owns shares, had failed to return money to her. At a nonjury trial, plaintiff testified that, for the years 2008, 2009, 2010 and 2011, defendant had failed to credit her for various property tax exemptions allegedly received by defendant on her behalf. Following the trial, the Civil Court dismissed the complaint.
RPTL 425, the school tax relief (STAR) exemption, partially exempts real property that satisfies the requirements of the section, including residential property held in a cooperative form of ownership, from taxation for school purposes. “The reduction in real property taxes attributable to each eligible tenant-stockholder shall be credited by the cooperative apartment corporation against the amount of such taxes otherwise payable by or chargeable to such tenant-stockholder” (RPTL 425 [2] [k] [ii]). Similarly, “the reduction in real property taxes realized [by the exemption for persons with disabilities and limited incomes] shall be credited by the cooperative apartment corporation against the amount of such taxes otherwise payable by or chargeable to such tenant-stockholder” (RPTL 459-c [6] [b]).
In order to demonstrate her entitlement to recover, plaintiff would have first had to prove, by properly submitting documentary evidence, that she is a shareholder and that she was entitled to the exemptions she was claiming. Next, she would have had to prove, again through properly submitted evidence, that defendant had actually received the benefit of those exemptions. Finally, she would have had to prove that the benefit of the exemptions had not been passed along to her in accordance with RPTL 425 (2) (k) (iii) (B) and 459-c (6) (b). In order to meet this last prong, plaintiff would have had to have shown the amount she was being charged for maintenance and that *46 she had not been credited pursuant to the exemptions at issue, either through a monthly credit or in some other legally permissible fashion.
At the trial, plaintiff did not allege, let alone prove, the amount of monthly maintenance she was required to pay to defendant pursuant to the terms of her proprietary lease, the amount being charged by defendant, or that the amount she had paid did not reflect the exemptions to which she claims she was entitled.
We note that, while the Civil Court sustained several objections by defendant to the admissibility of plaintiffs documentary evidence, which purported to demonstrate that defendant had received the benefit of these exemptions on plaintiffs behalf, plaintiff has not argued on appeal that these rulings were erroneous.
Accordingly, the judgment is affirmed.
Pesce, EJ., Weston and Solomon, JJ., concur.